**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**CONNIE LYNN ARMSTEAD,**                                       **PETITIONER**

**v.**                                           **No. 1:12CV104-A-S**

**STATE OF MISSISSIPPI, ET AL.**                               **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the petition of Connie Lynn Armstead for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition. Armstead has not responded, and the deadline for response has expired. For the reasons set forth below, the State's motion to dismiss will be granted and the petition dismissed for failure to exhaust state court remedies.

### Facts and Procedural Posture

Connie Lynn Armstead was convicted of robbery (Count I) and directing a minor to commit a felony (Count II) in the Circuit Court of Oktibbeha County, Mississippi. Armstead was sentenced to serve ten years on Count I and a consecutive sentence of ten years in Count II in the custody of the Mississippi Department of Corrections. Armstead appealed her convictions and sentences to the Mississippi Supreme Court, raising the following issues (as stated by counsel):

A. Whether the verdict is against the overwhelming weight of the evidence of robbery?

B. Whether the evidence is against the overwhelming weight of the evidence on directing a youth to commit felony of tampering with evidence?

On June 21, 2011, the Mississippi Court of Appeals affirmed the judgment of the

circuit court with regard to Armstead's conviction and sentence in Count I for robbery, but reversed and rendered the conviction in Count II for directing a minor to commit a felony. *Armstead v. State*, 80 So. 3d 112 (Miss. Ct. App. 2011), reh'g denied, November 1, 2011, cert. denied, February 9, 2012 (Cause No. 2010-KA-00383). Armstead admits, and Mississippi Supreme Court records confirm, that she has not filed any applications for leave to seek post-conviction relief challenging her robbery conviction from the Circuit Court of Oktibbeha County, Mississippi. In the instant petition, Armstead raises the following claim (as stated by counsel):

> Ground One: Evidence is not sufficient to establish guilt beyond a reasonable doubt on the charge of robbery.

In support of this claim, Armstead also attaches to her petition for *habeas corpus* relief a statement allegedly written by Preston Harris, one of her codefendants, in which Harris states that Armstead is innocent of the robbery charge.

In state court Armstead appears to have raised only a claim challenging the weight of evidence, as opposed to the sufficiency of the evidence, on direct appeal of her conviction and sentence. The Mississippi Supreme Court file in Cause No. 2010-KA-00383, Armstead's direct appeal file, contains a letter addressed to "whom it may concern" allegedly written by Preston Harris that was sent to the court around the time certiorari proceedings were pending – but was dated February 2011. In that letter, Harris states that Armstead is not guilty of the robbery. Neither this letter nor any claim upon it were considered by the state appellate court.

### Exhaustion of State Remedies

The petitioner in this case has not exhausted her remedies available in state court. "A fundamental prerequisite to federal habeas relief under 28 U.S.C. § 2254 is the exhaustion of all

claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). A finding of exhaustion requires the petitioner to have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). Further, exhaustion "requires that normally a state prisoner's entire federal habeas petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose*, 455 U.S. at 518-19). The exhaustion requirement gives "state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] 'serves to minimize friction between our federal and state systems of justice.'" *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, at 518) (citations omitted).

Armstead can satisfy the exhaustion requirement through the Mississippi Uniform Post-Conviction Collateral Relief Act, MISS. CODE ANN. §§ 99-39-1, *et seq.* Section 99-39-5 provides:

> (2) A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi . . . . (exceptions omitted).

Armstead has three years from the date her conviction became final to file for collateral relief in state court pursuant to MISS. CODE ANN. § 99-39-1, et seq. As such, Armstead has an "available procedure" under state law through which she can pursue her claims to exhaustion. 28 U.S.C. § 2254(c). None of the claims raised in Armstead's petition have been exhausted. The federal limitations period set forth in 28 U.S.C. § 22244 provides only one year to file a

*habeas corpus* petition.  The filing of a state court post-conviction application or motion will toll the limitations period only as long as any such pleading is pending in that court and is filed before the federal statute of limitations period has expired.  As the petitioner has not exhausted the remedies available to her under state law, the instant petition for a writ of *habeas corpus* will be dismissed.  A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 29th day of August, 2013.

 /s/ Sharion Aycock
**U.S. DISTRICT JUDGE**